UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

BARBARA R. CHILDS,

        Plaintiff,          Case No. 15-cv-12250

v          Honorable Thomas L. Ludington
         Magistrate Judge David R. Grand

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.
_____/

**ORDER OVERRULING OBJECTIONS, ADOPTING THE REPORT AND RECOMMENDATION, GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AND REMANDING TO ALJ**

On June 22, 2015 Plaintiff Barbara R. Child filed an appeal of the ALJ's denial of her claim for disability insurance benefits ("DIB"). After Plaintiff and Defendant Commissioner of Social Security filed motions for summary judgment, on August 5, 2016 Magistrate Judge David R. Grand authored a Report and Recommendation finding that the ALJ's decision was not based on substantial evidence. *See* ECF No. 13. The magistrate therefore recommends granting in part Plaintiff's motion for summary judgment, denying Defendant's motion for summary judgment, and remanding the case to the Administrate Law Judge ("ALJ"). *Id.* Defendant Commissioner timely filed objections. ECF No. 14.

Pursuant to a de novo review of the record, Defendant Commissioner's objections will be overruled and the report and recommendation will be adopted. Plaintiff's motion for summary judgment will be granted in part and denied in part, Defendant's motion for summary judgment will be denied, and the case will be remanded to the ALJ.

**I.**

Plaintiff Childs, born in 1966, is 5'1" tall and weighs 155 pounds. *See* Tr. 288. She graduated from high school and has obtained a medical administrative assistant certificate. Tr. 289. She has previously performed work as a receptionist, secretary, and delivery driver. Tr. 242, 289. She last worked on February 25, 2008 when she was fired for causing a car accident. Tr. 288. She currently resides in a house with her husband. Tr. 268.

Plaintiff Childs alleges disability as a result of numerous medical conditions including diabetes, neuropathy, gastroparesis, retinopathy, carpal tunnel syndrome, shortness of breath, fibromyalgia, frozen shoulder syndrome, degenerative disc disease, and thyroid cancer. As a result of these conditions, Childs experiences dizziness, fatigue, pain, numbness in her extremities, forgetfulness, vomiting, and diarrhea. She also suffers from depression, anxiety and panic attacks. Childs testified that she spends most of her days watching television and sleeping, and that she struggles with personal care. Tr. 64.

On November 16, 2010 Plaintiff Childs filed an application for disability insurance benefits. *See* Tr. 221-22, ECF No. 6. After her claim was initially denied on October 19, 2011, Childs timely requested an administrative hearing, which was held on July 16, 2012. Tr. 38-57. On August 6, 2012 the ALJ issued a written decision finding Childs not disabled under the Act. Tr. 97-106. On September 13, 2013 the Appeals Council issued an Order remanding the case to the ALJ for further proceedings, including further evaluation of Childs' coronary artery disease and history of thyroid cancer. Tr. 113-15.

A second administrative hearing was therefore held on January 13, 2014 before the same ALJ. Tr. 58-76. The ALJ again denied Childs' application for DIB on February 27, 2014, again finding that she is not disabled under the Act. Tr. 16-30. After the Appeals Council denied

review, Childs timely appealed to this Court on June 22, 2015 alleging that the Commissioner's determination was not based on substantial evidence. ECF No. 1.

Plaintiff Childs filed a motion for summary judgment on September 29, 2015, alleging that the Commissioner's RFC finding was not supported by substantial evidence due to her myriad of maladies. ECF No. 8. Defendant Commissioner then filed a motion for summary judgment on December 28, 2015. ECF No. 11. On August 5, 2016, Magistrate Judge David R. Grand issued a report and recommendation. ECF No. 13. Reviewing the Commissioner's decision under a "substantial evidence" standard, the magistrate judge determined that the ALJ erred in according significant weight to a "stale" opinion of a non-treating source, Dr. Holmes. *Id.* For this reason, the magistrate judge determined that the ALJ's residual functional capacity ("RFC") finding was not supported by substantial evidence. The magistrate judge therefore recommended that Child's motion for summary judgment be granted to the extent it seeks remand and denied to the extent it seeks an award of benefits, that Defendant Commissioner's motion for summary judgment be denied, and that the matter be remanded to the ALJ.

**II.**

When reviewing a case under 42 U.S.C. § 405(g), the Court must affirm the Commissioner's conclusions "absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997) (citations omitted). Substantial evidence is "such evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (citation omitted).

**III.**

Pursuant to Federal Rule of Civil Procedure 72, a party may object to and seek review of a Magistrate Judge's report and recommendation. See Fed. R. Civ. P. 72(b)(2). Objections must be stated with specificity. *Thomas v. Arn*, 474 U.S. 140, 151 (1985) (citation omitted). If objections are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). De novo review requires at least a review of the evidence before the Magistrate Judge; the Court may not act solely on the basis of a Magistrate Judge's report and recommendation. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, the Court is free to accept, reject, or modify the findings or recommendations of the Magistrate Judge. *See Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002).

Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Id.* (internal quotation marks and citation omitted). A general objection, or one that merely restates the arguments previously presented, does not sufficiently identify alleged errors on the part of the magistrate judge. *See VanDiver v. Martin*, 304 F.Supp.2d 934, 937 (E.D.Mich. 2004). An "objection" that does nothing more than disagree with a magistrate judge's determination, "without explaining the source of the error," is not considered a valid objection. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Without specific objections, "[t]he functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrate's Act." *Id.* Defendant Commissioner now raises two objections to the report and recommendation.

**A.**

In her first objection the Commissioner argues that the magistrate erred in emphasizing that Plaintiff Childs was diagnosed with various conditions, arguing that the mere diagnosis of a condition says nothing about the severity of that condition. *See* ECF No. 14 pp. 1-2. This argument is without merit, as the recommendation to remand was not based on mere diagnoses, but based on the fact that the ALJ relied heavily on the 2011 opinion of Dr. Holmes, which, by the time of the 2014 hearing, could not address Childs' post-2011 medical issues, and was therefore stale in light of the record evidence. The remand recommendation is further based on the fact that the ALJ minimized or mischaracterized the medical evidence that post-dated Dr. Holmes' opinion. *See* Rep. & Rec. 13-14. It is therefore the ALJ's selective reading of the record that is problematic. *See Garner v. Heckler*, 745 F.2d 383, 388 (6th Cir. 1984), ("Substantiality of the evidence must be based upon the record taken as a whole."). Defendant Commissioner's first objection will be overruled.

**B.**

In her second objection, Defendant Commissioner argues that, even if the ALJ selectively read the record, remand is not appropriate because Plaintiff has not sustained her burden under the substantial evidence standard. Specifically, Defendant argues that Plaintiff Childs has not set forth sufficient evidence that she has any work limitation beyond those set forth in the RFC finding. This objection essentially states broad disagreement with the magistrate judge's report, and is without merit. *See Howard,* 932 F.2d at 509. As catalogued by the magistrate in his report, there are numerous instances in which Plaintiff experienced chest pain, difficulty breathing, difficulty moving, and decreased ranges of motion, and numerous complications following the thyroid surgery she underwent for malignant thyroid cancer after the issuance of

Dr. Holmes's 2011 report. *See* Rep. & Rec. 11-13. Because the ALJ did not properly consider all record evidence – particularly because the ALJ did not properly consider the most up-to-date medical evidence – the ALJ's RFC finding was not based on substantial record evidence, and remand is appropriate.

**IV.**

Accordingly, it **ORDERED** that Defendant Commissioner's objections, ECF No. 14, are **OVERRULED.**

It is further **ORDERED** that the magistrate judge's report and recommendation, ECF No. 13, is **ADOPTED**.

It is further **ORDERED** that Plaintiff Barbara R. Childs's motion for summary judgment, ECF No. 8, is **GRANTED IN PART AND DENIED IN PART**.

It is further **ORDERED** that Defendant Commissioner's motion for summary judgment, ECF No. 11, is **DENIED**.

It is further **ORDERED** that this matter is **REMANDED** to the Social Security Administration for further proceedings consistent with this Memorandum and Order.

                                                   s/Thomas L. Ludington  
                                                   THOMAS L. LUDINGTON  
                                                   United States District Judge

Dated: September 22, 2016

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 22, 2016.

                               s/Michael A. Sian  
                               MICHAEL A. SIAN